FILED

2007 NOV 16 PM 2:07

L. CHINEN, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Served
12-6-07
@ 4:20 PM

LAW OFFICES OF STEVEN D. STRAUSS
STEVEN D. STRAUSS    5242
CHRISTOPHER P. SCHLUETER    8537
DAMIR A. KOULIEV    8850
P.O. Box 11517
Hilo, Hawai'i 96721
Telephone:  (808) 969-6684
Facsimile:  (808) 934-8898

Attorneys for Plaintiff
Geoffrey Molfino

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| GEOFFREY MOLFINO,<br><br>         Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J. YUEN in his capacity<br>as Planning Director, County of Hawai'i;<br>COUNTY OF HAWAI'I;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE PARTNERSHIPS 1-10;<br>DOE CORPORATIONS 1-10;<br>DOE GOVERNMENTAL UNITS 1-10;<br>and DOE ENTITIES 1-10,<br><br>         Defendants. | CIVIL NO.  07-1-0378<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR<br>JURY TRIAL; SUMMONS |

COMPLAINT

PARTIES, JURISDICTION AND VENUE

1.     This is an action for money damages to redress Defendants' deprivation of

Plaintiff GEOFFREY MOLFINO's ("Plaintiff Molfino") State and Federal Constitutional rights,

including his rights to be treated similarly under State of Hawai'i and County of Hawai'i

ordinances, including but not limited to the County of Hawai'i's Subdivision Control Code.



EXHIBIT "1"

1

PAID NOV 16 2007

2. Plaintiff GEOFFREY MOLFINO is a natural person. At all times relevant hereto, Plaintiff Molfino was a resident of the County and State of Hawai'i.

3. Defendant COUNTY OF HAWAI'I (hereinafter "Defendant County") is a body politic and corporate organized and existing and subject to suit under Hawai'i Revised Statutes §61-1 *et seq.* and the Charter of the County of Hawai'i. Defendant County comprises its divisions and offices, including the Hawai'i County Planning Department. Defendant County is a political subdivision of the State of Hawai'i with certain delegated authority of the sovereign pursuant to Article VIII, Section 1, Hawai'i State Constitution and Hawai'i Revised Statutes Chapter 46.

4. Defendant CHRISTOPHER J. YUEN (hereinafter "Defendant Yuen") is a natural person sued in his capacity as the appointed Planning Director, the executive officer for the Planning Department of Defendant County of Hawai'i.

5. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERHSIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL UNITS 1-10, and DOE ENTITIES 1-10 (hereinafter "Defendant DOES") are persons, partnerships, corporations, entities or governmental entities whose names and identities are presently unknown to Plaintiff Molfino, and who may claim some right, title or interest in the subject matter of this action or who may be in some way responsible to Plaintiff Molfino for the damages he has suffered as alleged herein. Upon ascertaining the true names and identities of said Defendant Does, Plaintiff Molfino shall move to proceed against them.

6. Plaintiff Molfino performed due and diligent search to ascertain the names and identities of DOE Defendants, including interview of known witnesses and examination of all pertinent reports, documents and records retrievable by Plaintiff Molfino.

2

7. Venue is proper in this judicial district because Plaintiff Molfino's claims arose in this judicial district, the subject real property in located within this judicial district and all Defendants reside in or operate in this judicial district.

8. Plaintiff Molfino's monetary damages claims exceed the minimum jurisdictional amount of the Circuit Court.

FACTS COMMON TO ALL COUNTS.

9. From June 13, 2003 to July 19, 2004, Plaintiff Molfino co-owned certain real property, identified by Tax Map Key 3-2-002-035 (hereinafter "Subject Property"), located in the County and State of Hawai`i. Plaintiff Molfino has obtained all rights to claims of the other former co-owner, Beverly Molfino through written assignment. In this Complaint, averments to the rights, interest and damages of Plaintiff Molfino mean and include his own rights, interest and damages as well of those of his former co-owner, Beverly Molfino.

10. "SUB-05-00064" is the name or number assigned to the file or process whereby Defendant Yuen granted final approval to subdivide a forty-nine (49) acre parcel of land in Ninole, Hawai`i County, State of Hawai`i, identified by Tax Map Key 3-2-002-035 on or about July 11, 2005. At the time of approval the real property's owner was Mr. Michael Pruglo dba Home Tech Construction.

11. Plaintiff Molfino acquired the Subject Property on June 13, 2003. Plaintiff Molfino desired to subdivide the real property into seven (7) lots of record. By letter addressed to Defendant Yuen, prepared December 24, 2003, Plaintiff Molfino sought "determination of lots of record" for the Subject Property. In that same letter correspondence, Plaintiff Molfino sought approval for a seven lot "pre-existing lot" subdivision of the Subject Property, pursuant to Section 23-7 of the County of Hawai`i Subdivision Control Code.

12. On June 2, 2004, Defendant Yuen prepared a letter, addressed to Plaintiff Molfino and Beverly Molfino denying Plaintiff Molfino's request for approval of a seven lot pre-existing subdivision. In his letter, Defendant Yuen determined and advised Plaintiff Molfino that only two (2) separate legal lots of record existed.

13. Unbeknownst to Plaintiff Molfino, Defendant Yuen's determination was contrary to the Planning Department's May 22, 2000 letter to Robert Williams, Principal Broker for Prudential Orchid Isle Properties. The letter stated the County of Hawai'i's determination that TMK 3-2-002-035 ("Subject Property") consisted of six (6) separate lots of record.

14. Plaintiff Molfino is informed and believes and thereon alleges that, the May 22, 2000 letter prepared by the Planning Department was absent from the official Hawai'i County Public record maintained by the Hawai'i County Planning Department during the period June 13, 2004 through July 19, 2004.

15. After June 13, 2003, surveyor Robert Shirai ("Shirai") surveyed the Subject Property. Plaintiff Molfino is informed and believes and thereon alleges that no survey work had been performed on the Subject Property prior to ownership by Plaintiff Molfino. After Plaintiff Molfino's sale of the Subject Property on July 19, 2004, surveyor Shirai examined the Subject Property's file at the Planning Department in efforts to retrieve data he had formerly documented. The information was required to assist surveyor Shirai's work in relation to an adjoining property of the Subject Property. Upon inspection of the file, surveyor Shirai first noticed the Planning Department's letter of May 22, 2000 addressed to Robert Williams. Surveyor Shirai had not previously seen this letter in the file when he surveyed the Subject Property during Plaintiff Molfino's ownership period. After reading the Planning Department's letter of May 22, 2000, Surveyor Shirai then contacted Plaintiff Molfino.

4

16. Plaintiff Molfino is a person specifically aggrieved by the flawed determination of Defendants Yuen and County denying Plaintiff Molfino's seven (7) lot determination request and grant of a subsequent seven (7) lot subdivision.

17. Plaintiff Molfino is uniquely and adversely affected by Defendant Yuen's decisions regarding subdivision of the Subject Property into seven (7) lots instead of the maximum two (2) lots consistent with the area's AG 20 zoning.

18. Section 23-3(22) of the County of Hawai'i Subdivision Control Code defines "Pre-existing lot" as a specific area of land that will be treated as a legal lot of record based on criteria set forth in the County of Hawai'i Subdivision and Control Code.

19. Relying on this determination and notice supplied by Defendants Yuen and County, Plaintiff Molfino and his wife Beverly sold their interest in the Subject Property to Mr. Michael Pruglo dba Home Tech Construction on July 19, 2004.

20. On information and belief, on January 12, 2005, Defendant Yuen met with Planning Consultant Sidney Fuke, an agent and representative of Mr. Michael Pruglo, and former County of Hawai'i Planning Director. At the conclusion of the meeting, Defendant Yuen and County determined that a six (6) lot subdivision of the Subject Property would be allowed under the provisions of Section 23-7 of the Hawai'i County Subdivision Control Code.

21. On January 15, 2005, Mr. Fuke addressed a letter to Defendants Yuen and County confirming that during their January 12, 2005 meeting, they reviewed the May 22, 2000 letter addressed to Robert Williams. The letter sought confirmation that Defendant Yuen would accept the six (6) lots acknowledged in the May 22, 2000 letter as lots of record, and determine them eligible for Section 23-7 of the Subdivision Code.

22. On June 1, 2005, Defendants Yuen and County granted Mr. Fuke's and Home Tech Construction's tentative subdivision approval for Subject Property. This fact was confirmed by a letter addressed by Mr. Fuke to Defendants Yuen and County on July 1, 2005. On July 11, 2005, Defendants Yuen and County granted final subdivision approval for the Subject Property, approving a seven (7) lot subdivision creating seven (7) lots with lot sizes as small as two acres and less.

23. On October 23, 2006, Defendant Yuen prepared a letter to Mr. Mark Kellberg, an adjacent real property owner concerning SUB-05-00064. In the letter, Defendant Yuen admits that the Planning Department "mistakenly" advised Plaintiff Molfino that it recognized only two (2) lots.

24. Prior to selling the Subject Property on July 19, 2004, Plaintiff Molfino did not have knowledge of the Planning Department's reckless determination nor could he have learned of such error by review of any publicly available official records.

## COUNT I
### (Violation of Federal and State Constitutions)
### Substantive and Procedural Due Process

25. Plaintiff Molfino realleges Paragraphs 1 through 24, inclusive.

26. The Fifth and Fourteenth Amendments to the United States Constitution and Article I § 5 of the Hawai`i Constitution prohibit Defendant Yuen and Defendant County from depriving Plaintiff Molfino of his property interests without due process of law.

27. As a former owner of Tax Map Key 3-2-002-035, Plaintiff Molfino had a property interest which was unique and personal in nature relating to the subdivision of said property.

28. Plaintiff Molfino and Beverly Molfino would have taken immediate administrative action as available had they been privy to information that their formerly owned

6

property was granted subdivision approval only months after their subdivision request was denied by Defendant Yuen.

29. Defendants' failure to properly determine and advise Plaintiff Molfino and Beverly Molfino of their legally recognizable entitlement to subdivide the Subject Property into seven (7) lots violated Plaintiff Molfino's right to procedural and substantive due process, resulting in his economic damages in an amount according to proof.

## COUNT II
(Violation of Federal and State Constitutions)
Equal Protection

30. Plaintiff Molfino realleges Paragraphs 1 through 24 and Paragraphs 26 through 29, inclusive.

31. The Fifth and Fourteenth Amendments to the United States Constitution and Article I § 5 of the Hawai`i Constitution prohibit Defendant Yuen and Defendant County from depriving Plaintiff Molfino of his right to equal protection in relation to his property rights.

32. The Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 5 of the Hawai`i Constitution strive to provide Plaintiff Molfino equal protection under the law. To provide equal protection under the law, the State must treat similarly situated individuals similarly. In this case, however, Defendants treated Plaintiff Molfino differently from how they treated the successive property owner, Mr. Michael Pruglo dba Home Tech Construction, without any legitimate and/or rational basis for such disparate treatment.

33. Defendants' mistakes and inconsistencies in handling Plaintiff Molfino's application for a determination of lots or record and subdivision approval for the Subject Property were not rationally related to a legitimate state interest and thus deprived him of his property interest without due process of the law.

### COUNT III
### Abuse of Discretion

34. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, and Paragraphs 31 through 33, inclusive.

35. Defendant Yuen is the executive officer for the Planning Department of Defendant County charged with enforcing the statutes, rules and regulations of the Planning Department as authorized by the County Charter.

36. Defendant Yuen is vested with some discretion in enforcing the rules and regulations codified as the Subdivision Control Code, but the discretion is not unfettered.

37. Defendant Yuen abused his discretion when he rejected Plaintiff Molfino's subdivision application based on incomplete and inaccurate records maintained by the Hawai`i County Planning Department. Defendant Yuen's decision was arbitrary and contrary to law and fact.

### COUNT IV
### Regulatory Taking

38. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, Paragraphs 31 through 33, and Paragraphs 35 through 37, inclusive.

39. The Fifth Amendment to the United States Constitution and Article I, § 20 of the Hawai`i Constitution provide that private property shall not be taken for public use without just compensation. One type of taking is interference with reasonable investment-backed expectations.

40. When Plaintiff Molfino bought his property in 2003, the County had recognized six (6) pre-existing lots within Tax Map Key Parcel. Though unaware of this fact at the time of

purchase, Plaintiff Molfino had reasonable, investment-backed expectations that he would be able to subdivide his parcel and sell off the lots.

41. The County denied Plaintiff Molfino's subdivision request, and recognized only two (2) lots, despite having earlier recognized six (6) lots.

42. There is a substantial difference in the resale value of Plaintiff Molfino's property as he sold it on July 19, 2004 for $795,000.00 and the resale values of each lot if proper subdivision were permitted. This difference comprises Plaintiff Molfino's damages herein.

43. The interference with Plaintiff Molfino's investment backed expectations severely impacted Plaintiff Molfino economically, and County must compensate Plaintiff Molfino in the amount according to proof.

## COUNT V
### Negligence

44. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, Paragraphs 31 through 33, Paragraphs 35 through 37, and Paragraphs 39 through 43, inclusive.

45. In considering Plaintiff Molfino's lot determination request and subdivision application dated December 24, 2004, Defendants owed Plaintiff Molfino a standard of care to act in a reasonably careful and prudent manner, including the duty to maintain and verify the completeness and accuracy of records on which the public can reasonably be expected to rely.

46. By way of letter addressed to Mr. Kellberg on October 23, 2006, Defendants Yuen and County admitted "mistake" in determining that only two lots were recognized. This "mistake" breached the standard of care Defendants Yuen and County owed to Plaintiff Molfino. Defendant Yuen's actions should be characterized as breach of duty instead of mere mistake. In considering Plaintiff Molfino's lot determination request and subdivision request, Defendant Yuen's actions intentional or otherwise, withheld or ignored significant documentary evidence.

9

47. In considering Plaintiff Molfino's lot determination request and subdivision application dated December 24, 2004, Defendant Yuen negligently or willfully failed to: (a) adequately review the Subject Property record, (b) meet and perform statutory/regulatory requirements, (c) meet responsibilities of his position as the executive officer of the Hawai'i County Planning Department, and (d) perform his legal duties.

48. In considering Plaintiff Molfino's lot determination request and subdivision application dated December 24, 2004, Defendant Yuen lacked a methodical, documented review process and/or procedure and as a consequence failed to fulfill his duties regarding critical regulatory responsibilities. Defendant Yuen failed to meet his documentary and explanatory responsibilities in regard to the issuance or Plaintiff Molfino's denial of subdivision approval.

49. Defendant Yuen failed to explain by way of justifiable legal means how he arrived at his decision regarding Plaintiff Molfino's lot determination and subdivision application. Defendant Yuen never articulated a deliberative process consisting of certain steps or factors which would have ensured that he understood the complete picture taking into account applicable law and regulations. At no point did Defendant Yuen consider the relevant factors and articulate a rationale connection between the facts found and decision made.

50. Defendants Yuen and County's breach was the legal and proximate cause of damages to Plaintiff Molfino, which damages exist in an amount according to proof.

COUNT VI
Detrimental Reliance

51. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, Paragraphs 31 through 33, Paragraphs 35 through 37, Paragraphs 39 through 43, and Paragraphs 45 through 50, inclusive.

52. Defendants and each of them hold themselves out to the public as keepers of records necessary to determine the current and prospective rights of owners of real property in Hawai'i County. Defendants' respective duties to maintain accurate public records is imposed by law.

53. Plaintiff Molfino reasonably relied upon Defendants' to maintain and evaluate, accurate public records in accepting the lot determination and subdivision decisions of Defendants. As a result of Defendants Yuen and County's conduct and each of them, however, Plaintiff Molfino suffered economic losses for which he is entitled to damages in an amount according to proof.

54. As a further result of the acts of Defendants Yuen and County, Plaintiff Molfino has incurred attorney's fees and costs for which he is entitled to reimbursement.

## COUNT VII
## Promissory Estoppel

55. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, Paragraphs 31 through 33, Paragraphs 35 through 37, Paragraphs 39 through 43, Paragraphs 45 through 50, and paragraphs 52 through 54, inclusive.

56. Defendant Yuen's letter of June 2, 2004, addressed to Plaintiff Molfino defined the State's position that only two (2) separate legal lots of record existed for the Subject Property. Defendants Yuen and County supplied incorrect information to Plaintiff Molfino. Defendants Yuen and County intended to induce reliance by submitting a determination to Plaintiff Molfino. Plaintiff Molfino relied upon information supplied by Defendants Yuen and County.

57. Defendant Yuen's determination reasonably induced Plaintiff Molfino's action to sell the Subject Property. The doctrine of estoppel may be applied against Defendant County and its agents, Defendant Yuen to the extent that justice requires. Defendant County is bound under the doctrine of estoppel by the acts of Defendant Yuen within the scope and in the course of his authority.

58. Defendants Yuen's letter of June 2, 2004 setting forth the County's determination of legal lots of record for the Subject Property induced Plaintiff Molfino to sell the Subject Property which caused him money damages in an amount according to proof.

## COUNT VIII
### Conversion of a Chose In Action

59. Plaintiff Molfino realleges Paragraphs 1 through 24, Paragraphs 26 through 29, Paragraphs 31 through 33, Paragraphs 35 through 37, Paragraphs 39 through 43, Paragraphs 45 through 50, and paragraphs 52 through 54, and paragraphs 56 through 58, inclusive.

60. By Defendants' unlawful conduct and that of each of them, Defendants converted Plaintiff's chose in action, namely Plaintiff Molfino's subdivision rights related to the Subject Property, to the use and benefit of Mr. Michael Pruglo dba Home Tech Construction, persons and entities with whom Defendants engaged with and granted subdivision approval.

61. Defendants Yuen and County exercised dominion over the Subject Property while Plaintiff Molfino was the owner of the Subject Property. Defendants Yuen and County wrongfully exerted control over Plaintiff Molfino's real property interests in denial of and inconsistent with his rights as the owner.

62. Plaintiff Molfino's letter of December 24, 2003 addressed to Defendant Yuen represented Plaintiff Molfino's formal demand for approval of a seven (7) lot subdivision within the Subject Property. Defendant Yuen and County refused Plaintiff Molfino's request.

63. As a result of such unlawful conduct, Defendants defeated Plaintiff's lawful and reasonable expectation to the profits Plaintiff Molfino was likely to realize from his intended objective of subdividing the Subject Property and selling the segmented lots. Defendants actions caused Plaintiff Molfino money damages in an amount according to proof.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Molfino requests that the Court:

1. As to Counts one through eight, inclusive, award Plaintiff Molfino damages in an amount according to proof against Defendants County and Yuen.

2. As to Counts one through eight, inclusive, award Plaintiff Molfino his reasonable attorney's fees jointly and severally from Defendants County and Yuen.

4. As to all Counts, award Plaintiff Molfino his costs of suit jointly and severally from Defendants.

5. Grant leave to amend this Complaint based on further investigation and discovery.

6. Grant such other and further relief as the Court deems just.

Dated: Hilo, Hawai'i, November 16, 2007.

CHRISTOPHER P. SCHLUETER
Attorney for Plaintiff
Geoffrey Molfino

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Article I, Section 13 of the Hawai'i Constitution, Plaintiff hereby requests a jury trial of all issues triable by jury in the above-captioned matter.

Dated: Hilo, Hawai'i, November 16, 2007.

_____
CHRISTOPHER P. SCHLUETER
Attorney for Plaintiff
Geoffrey Molfino

1

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | Case Number CIVIL NO. |
|---|---|---|
| **PLAINTIFF** *GEOFFREY MOLFINO,* | vs. | **DEFENDANT** *CHRISTOPHER J. YUEN in his capacity as Planning Director, County of Hawai`i; COUNTY OF HAWAI`I; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL UNITS 1-10; and DOE ENTITIES 1-10* |
| PLAINTIFF'S ATTORNEY THE LAW OFFICES OF STEVEN D. STRAUSS STEVEN D. STRAUSS, Esq. CHRISTOPHER P. SCHLUETER, Esq. P.O. Box 11517 Hilo, Hawai'i 96721 Telephone: (808) 969-6684 | | |

TO DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is stated above, an answer to the Complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the Counterclaim.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge of the District or Circuit Courts permits in writing, on the summons, personal delivery during those hours.

Failure to obey the summons may result in an entry of default and default judgment against the person summoned.

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Third Circuit Court Administration Office at PHONE NO. 961-7440, FAX 961-7416, or TTY 961-7525, at least ten (10) working days prior to your hearing or appointment date.

| DATE ISSUED NOV 1 6 2007 | CLERK *Anna K. Church* | |
|---|---|---|
| I do hereby certify that is a full, true, and correct copy of the original on file in this office. | CIRCUIT COURT CLERK | |