LINCOLN S. T. ASHIDA 4478
Corporation Counsel

WILLIAM V. BRILHANTE JR.   8010
MICHAEL J. UDOVIC   5238
Deputies Corporation Counsel
101 Aupuni Street, Suite 325
Hilo, Hawai'i 96720
Telephone: (808) 961-8251
Facsimile:  (808) 961-8622
E-mail:  wbrilhante@co.hawaii.hi.us

Attorneys for Defendants
CHRISTOPHER J. YUEN in his capacity as Planning
Director, County of Hawai'i and COUNTY OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| GEOFFREY MOLFINO,<br><br>             Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J. YUEN in his capacity as Planning Director, County of Hawai'i; COUNTY OF HAWAI'I; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL UNITS 1-10; and DOE ENTITIES 1-10,<br><br>             Defendants. | CIVIL NO.: CV07-00626 JMS/LEK<br><br>DEFENDANTS CHRISTOPHER J. YUEN IN HIS CAPACITY AS PLANNING DIRECTOR, COUNTY OF HAWAI'I and COUNTY OF HAWAI'I'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; DECLARATION OF ALICE KAWAHA; DECLARATION OF WILLIAM V. BRILHANTE JR.; EXHIBITS "1-11"; CERTIFICATE OF SERVICE<br><br>**HEARING MOTION** |
|---|---|

s:\lit\molfino\docs\ concise statement\ 11-17-08\WVBstw

DEFENDANTS CHRISTOPHER J. YUEN IN HIS CAPACITY AS PLANNING DIRECTOR, COUNTY OF HAWAIʻI and COUNTY OF HAWAIʻI'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to LR 56.1 (c), Defendants Christopher J. Yuen in his Capacity as Planning Director, County of Hawaiʻi and County of Hawaiʻi (collectively referred to as "County Defendants"), by and through their undersigned counsel, hereby submit their separate concise statement of material facts in support of this motion for summary judgment.

The "Evidentiary Support" of the County Defendants' motion consists of Declaration of Alice Kawaha; Plaintiff's Complaint filed November 16, 2007; Declaration of Counsel and exhibits 1-11 which are being filed contemporaneously.

**COUNTY DEFENDANTS STATEMENT OF FACTS IN SUPPORT**

| FACTS (WITH THE MATERIAL FACTS EMPHASIZED) | EVIDENTIARY SUPPORT |
|---|---|
| 1. Plaintiff along with three other joint tenants, Beverly Lind Molfino, Ted A. Molfino and Colleen C. Molfino purchased the subject property on June 13, 2003, for $350,000.00. | **Ex. 1**, Warranty Deed at 384-396 and Counter Offer at 863-864 taken from Deposition of Beverly Lind Molfino Upon Written Interrogatories taken on 10-10-08, ("**Molfino Records Depo**") |

2. On July 15, 2003, Plaintiff entered into an "Exclusive Right-to-Sell Listing Agreement" with Remax Properties, with a listing price of $795,000.

**Ex. 2, Molfino Records Depo**, at 72-74.

3. By way of letter dated December 24, 2003, Plaintiff applied for a "determination of lots of record" pursuant to Chapter 23, Article 11 of the County of Hawai'i Subdivision Control Code."

**Ex. 3, Molfino Records Depo**, at 441 442.

4. On February 5, 2004, Plaintiff accepted and entered into a binding purchase agreement with Michael Pruglo ("Pruglo") for the sale of the subject property for $795,000.00.

**Ex. 4, Molfino Records Depo**, at 115-133.

5. On March 17, 2004, Pruglo submitted an "ADDENDUM" to the sales agreement to reference the sales price of $795,000.00, now payable by way of an "all-cash" transaction, effectively waiving conditions C-24, C-25 and C-26, effectively removing all "FINANCIAL CONTINGENCIES" of the sale contract.

**Ex. 5, Molfino Records Depo**, at 133-134.

6. On June 2, 2004, Defendant Yuen, pursuant to Plaintiff's December 2003 application, granted a pre-existing lot determination for two (2) separate lots of record on subject property.

**Ex. 8, Molfino Records Depo**, at 446.

7. Upon receipt of Defendant Yuen's June 2, 2004 pre-existing lot determination letter ("determination letter"), Plaintiff had thirty (30) days to file an appeal with the County of Hawai'i if in fact they did not agree with Defendant Yuen's determination. Plaintiff failed to take any action.

**Dec of Alice G. Kawaha** dated November 19, 2008, at 2, ¶ 5-7.

8. On July 19, 2004, Plaintiff sold the subject property to Pruglo dba Home Tech Construction for $795,000.00.

**Ex. 9**, **Molfino Records Depo** Warranty Deed at 131-138 and Conveyance Tax Certificate at 110-111.

3

| | |
|---|---|
| 9.    In just over a year, Plaintiff more than doubled his original purchase price of $350,000.00. | **Ex. 1**, Warranty Deed at 384-396 and Counter Offer at 863-864 taken from **Molfino Records Depo.** |
| 10.    Subsequent to the purchase of the subject property, Pruglo hired several agents, as well as, consultant Sidney Fuke ("Fuke"), to investigate, prepare and submit an application for a pre-existing lot determination for the subject property. | Plaintiff's Complaint filed November 16, 2007 **("Complaint")** at 5, ¶ 20. |
| 11.    On January 15, 2005, on behalf of Pruglo, Fuke, pursuant to a thorough investigation, submitted a letter/application to Defendant Yuen for a pre-existing six (6) lot determination for the subject property. Included in his application, Fuke submitted a May 22, 2000, letter from former Planning Director Virginia Goldstein ("Goldstein"), addressed to Robert Williams, real estate agent for C. Brewer and Company. At the time of Goldstein's May 2000 letter, C. Brewer and Company was the owner of record for the subject property. | **Complaint** at 5, ¶ 21. |
| 12.    On June 1, 2005, based on all the information submitted in Pruglo's application, Defendant Yuen granted Pruglo tentative subdivision approval for subject property. | **Complaint** at 6, ¶ 22. |

| | |
|---|---|
| 13.  On July 11, 2005, Defendant Yuen granted final subdivision approval for the subject property, approving a seven (7) lot pre-existing lot determination | **Complaint** at 6, ¶ 22. |
| 14.  Plaintiff now alleges that Defendant Yuen's actions granting only a two (2) lot pre-existing lot determination and subsequently granting a seven (7) lot pre-existing lot determination to Pruglo violated Plaintiff's constitutional substantive and procedural due process rights, equal protection rights and amounted to a regulatory taking.  Plaintiff further alleges that Defendant Yuen's actions were a conversion of a chose, abuse of discretion, negligent, as well as caused detrimental reliance and promissory estoppel. | **Complaint** at 6-13, ¶¶ 25-63. |
| 15.  The pleadings reveal on June 2, 2004, via a letter prepared by Defendant Yuen, Plaintiff was made aware of the Defendant's determination that only two separate legal lots of recorded existed on the subject property. | **Complaint** at 4, ¶ 12. |
| 16.  Accordingly, it can be inferred from Plaintiff's assertion above, sometime closely following the July 19, 20004, sale of the subject property, Plaintiff was notified by his surveyor Robert Shirai ("Shirai") that there was a pre-existing lot determination. | **Complaint** at 4, ¶ 15. |
| 17.  Defendant Yuen mistakenly determined that it recognized only two (2) lots of record on subject property. | **Complaint** at 6, ¶ 23. |
| 18.  On February 12, 2004 Plaintiff and Pruglo opened an escrow account with Title Guaranty Escrow Services, Inc. to conduct the transaction. | **Ex. 10**, Deposition of Lorrin Hirano, on behalf of Title Guaranty Escrow Services, Inc., taken on 11-14-08  at 646. |

5

| | |
|---|---|
| 19.     Closing or finalization of the sale was set for March 22, 2004; however, that closing was extended solely to accommodate the delay in obtaining the "Metes & Bounds and Record Survey". | **Ex. 6-7**, Molfino Records Depo at 244 & 247. |
| 20.     Upon inspection of the file, surveyor Shirai first noticed the Planning Department's letter of May 22, 2000 addressed to Robert Williams.  Surveyor Shirai had not previously seen this letter in the file when he surveyed the Subject Property during Plaintiff Molfino's ownership period.  After reading the Planning Department's letter of May 22, 2000, Surveyor Shirai then contacted Plaintiff Molfino. | **Complaint** at 4, ¶ 15. |
| 21.     Surveyor Shirai stated he did not recall ever reviewing the Planning Department's TMK for subject parcel. | **Ex 11,** Oral Depo of Robert Shirai **("Shirai Depo")** taken on November 13, 2008 , at 20, line 13-22. |
| 22. Surveyor Shirai denied ever telling Beverly Molfino that Bob Williams, on behalf of C. Brewer obtained a pre-existing lot determination on subject property. | **Ex 11,  Shirai Depo** at 29, line 18-22. |

Dated: Hilo, Hawaiʻi, November 20, 2008.

COUNTY OF HAWAIʻI, Defendant/
CROSS-CLAIM DEFENDANT

By      /s/ William V. Brilhante Jr.
   WILLIAM V. BRILHANTE JR.
   Deputy Corporation Counsel
   County of Hawaiʻi